UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHELLE STRICKLAND,

        CASE NO. 6:21-cv-10-Orl-78EJK

    Plaintiff,

v.

BEACHSIDE TAVERN, LLC, d/b/a
BEACHSIDE TAVERN,

    Defendant.
_____/

**DEFENDANT, BEACHSIDE TAVERN, LLC, d/b/a BEACHSIDE TAVERN'S,
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, BEACHSIDE TAVERN, LLC, d/b/a BEACHSIDE TAVERN ("Defendant"), hereby files its Answer and Affirmative Defenses to Plaintiff, MICHELLE STRICKLAND's ("Plaintiff" or "STRICKLAND"), Complaint as follows:

**JURISDICTION AND PARTIES**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181, et. seq., (hereinafter referred to as the "ADA"). This Court is vested with jurisdiction under 28 U.S.C. §1331 and §343.

    **ANSWER:** **Admitted for jurisdictional purposes only.**

2. Venue is proper in this Court, Middle District pursuant to 28 U.S.C. §1391(B) in that all events giving rise to this lawsuit occurred in Volusia County, Florida.

    **ANSWER:** **Admitted that the alleged events are alleged to have occurred in Volusia County, and thus, Venue is proper.**

3. At the time of Plaintiff's visit to Defendant's Subject Facilities, prior to instituting the instant action, MICHELLE STRICKLAND (hereinafter referred to as "STRICKLAND"), was

a resident of the State of Florida, suffered from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, and used a wheelchair for mobility. Plaintiff has cerebral palsy. Since childhood, she has been required to traverse in a wheelchair, and is substantially limited to performing one or more major life activities including, but not limited to, walking, standing, grabbing, grasping, and/or pinching.

>**ANSWER:   Denied for lack of knowledge.**

4.      The Plaintiff personally visited, in or about October 31, 2020 Defendant's Subject Facilities, but was denied full and equal access to, and full and equal enjoyment of, the facilities services, goods, privileges and accommodations offered within Defendant's Subject Facilities, which is the subject of this lawsuit, even though she would be classified as a "bona fide patron", because of her disabilities. Plaintiff lives in Volusia County, Florida, in close proximity to Defendant, (within 16.9 miles) and travels in the surrounding areas near Defendant's Subject Facilities on a regular basis.

>**ANSWER:   Denied.  And unknown as to where Plaintiff lives.**

5.      The Defendant, BEACHSIDE TAVERN, LLC, d/b/a BEACHSIDE TAVERN, is authorized to conduct and is conducting business within the State of Florida.

>**ANSWER:   Admitted.**

6.      Upon information and belief, BEACHSIDE TAVERN, LLC, is the lessee and/or operator of the real property (the "Subject Facility"), and the owner of the improvements where the Subject Facility is located which is the subject of this action, the establishment commonly referred to as BEACHSIDE TAVERN, LLC located at 690 East 3rd Avenue, New Smyrna Beach, Florida, 32169.

>**ANSWER:   Admitted that Defendant owns the real property located at 690 East 3rd Avenue, New Smyrna Beach, Florida, 32169.**

7. Upon information and belief, BEACHSIDE TAVERN, LLC, is the lessor, operator and/or owner of the real property (the "Subject Facility"), and the owner of the improvements where the Subject Facilities are located which are the subjects of this action.

**ANSWER:   Admitted that Defendant owns the real property and improvements located at 690 East 3rd Avenue, New Smyrna Beach, Florida, 32169.**

8. All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the premises are located in Volusia County in the Middle District, Orlando Division.

**ANSWER:   Admitted.**

## COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

9. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, et. seq. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of the Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508(a).

**ANSWER:   This Paragraph does not contain factual allegations and/or contains conclusions of law that do not require a response from Defendant. The language of the statute(s) referenced speaks for itself.**

10. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

(iii) discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

042307                                          3

(iv) individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,

(v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. §12101(a)(1)-(3), (5) and (9).

**ANSWER (i.–v.):   This Paragraph does not contain factual allegations and/or contains conclusions of law that do not require a response from Defendant. The language of the statute(s) referenced speaks for itself.**

11.  Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. §12101(b)(1)(2), and (4).

**ANSWER (i.-iii):   This Paragraph does not contain factual allegations and/or contains conclusions of law that do not require a response from Defendant. The language of the statute(s) referenced speaks for itself.**

12.  Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, Defendant is a place of public accommodation in that they are an establishment which provide goods and services to the public.

**ANSWER:   Defendant admits that the subject property is a place of public accommodation.**

13. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the building and/or Subject Facility which is the subject of this action is a public accommodation covered by the ADA and which must be in compliance therewith.

**ANSWER: Defendant only admits that the subject property is a place of public accommodation. All other allegations are denied.**

14. The Plaintiff is informed and believes, and therefore alleges, that the Subject Facility has begun operations and/or undergone remodeling, repairs and/or alterations since January 26, 1990.

**ANSWER: Denied as stated.**

15. Defendant has discriminated, and continue to discriminate, against the Plaintiff, and others who are similarly situated, by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at Defendant's Subject Facilities in derogation of 42 U.S.C. §12101, et. seq., and as prohibited by 42 U.S.C. §12182 et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

**ANSWER: Denied.**

16. The Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all accommodations and services offered at Defendant's Subject Facilities. Prior to the filing of this lawsuit, the Plaintiff visited the subject properties and was denied full and safe access to all the benefits, accommodations and services of the Defendant. Prior to the filing of this lawsuit, STRICKLAND, personally visited BEACHSIDE TAVERN, LLC, d/b/a BEACHSIDE TAVERN, with the intention of using Defendant's facilities, but was denied full and safe access to the facilities, and therefore suffered an injury in fact. As stated herein, the

Plaintiff has visited the Subject Facilities in the past, prior to the filing of this lawsuit, resides near said Subject Facility, and Plaintiff intends to return to the Subject Facility and Property within six months, or sooner, upon the Subject Facility being made accessible. As such, Plaintiff is likely to be subjected to continuing discrimination at the Subject Facility unless it is made readily accessible to and usable by individuals with disabilities to the extent required under the ADA, including the removal of the architectural barrier which remain at the Subject Facility.

**ANSWER:   Denied.**

17. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $110,000 for the first violation and $150,000 for any subsequent violation.

**ANSWER:   This Paragraph does not contain factual allegations and/or contains conclusions of law that do not require a response from Defendant. The language of the statute(s) referenced speaks for itself.**

18. The Defendant's Subject Facilities are in violation of 42 U.S.C. §12182 et. seq., the ADA and 28 C.F.R. §36.302 et. seq., and is discriminating against the Plaintiff, as a result of interalia, the following specific violations:

**VIOLATIONS**

a) Failure to provide ADA compliant parking stall striping and markings, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 502.3.3.

b) Failure to provide ADA compliant parking stall width clearance, in violation 2017 FAC, 2014 FAC Section 502.1.

c) Failure to provide ADA compliant parking stall slope gradings, in violation 2017 FAC, and 2014 FAC Section 502.4.

d) Failure to provide ADA compliant access aisle striping and markings, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 502.3.3.

e) Failure to provide ADA compliant access aisle width clearance, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 502.3.1.

f) Failure to provide ADA compliant access aisle slope grading, in violation 2017 FAC, and 2014 FAC Section 502.4.

g) Failure to provide ADA compliant parking stall signage with the $250 penalty, in violation 2017 FAC, and 2014 FAC Section 502.6.1.

h) Failure to provide ADA compliant accessible route with compliant slope grading, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 403.3.

i) Failure to provide ADA compliant accessible route that does not provide abrupt changes in elevation greater than ¼ inch, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 303.2 and 303.3.

j) Failure to provide ADA compliant take-out counter height, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 904.4.1 and 904.4.2.

k) Failure to provide ADA compliant take-out counter clear floor space, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 904.4.1.

l) Failure to provide ADA compliant bar counter height, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 904.4.1 and 904.4.2.

m) Failure to provide ADA compliant bar counter clear floor space, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 904.4.1.

  n)  Failure to provide ADA compliant number of exterior table seating, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 227.3.

  o)  Failure to provide ADA compliant exterior table clearances, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 306.1.

  p)  Failure to provide ADA compliant number of interior table seating, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 227.3.

  q)  Failure to provide ADA compliant interior table clearances, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 306.1.

  r)  Failure to provide ADA compliant directional signage to accessible restroom, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 216.8.

  s)  Failure to provide ADA compliant restroom signage, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 216.8.

  t)  Failure to provide ADA compliant restroom door hardware, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 309.4.

  u)  Failure to provide ADA compliant restroom door locking/latching hardware, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 604.8.1.2.

  v) Failure to provide ADA compliant interior restroom front door approach pull clearance, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 404.2.4.1.

  w)  Failure to provide ADA compliant lavatory underside clearance, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 306.3.1.

  x)  Failure to provide ADA compliant insulated pipes, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 606.5.

y)       Failure to provide ADA compliant, unobstructed, lavatory/toilet clear floor space, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 604.3.2.

z)       Failure to provide ADA compliant rear grab bar, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 609.4.

aa)      Failure to provide ADA compliant side grab bar spacing, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 609.3.

bb)      Failure to provide ADA compliant properly located, non-protruding shelf, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 307.2.

cc)      Failure to provide ADA compliant toilet paper location, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 604.7.

**ANSWER (a-cc):**   Denied.

19.     Upon information and belief, there are other current violations of the ADA at Defendant's Properties, and only once a full inspection is done can all said violations be identified.

**ANSWER:**   Denied.

20.     To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA. The barriers to access at the Subject Facilities, as described above, have severely diminished Plaintiff's ability to avail herself of the goods and services offered at the Subject Facilities, and compromise her safety.

**ANSWER:**   Denied.

21.     Pursuant to the ADA, 42 U.S.C. §12101 et. seq., and 28 C.F.R. §36.304, the Defendant was required to make the Subject Facility, a place of public accommodation, accessible

to persons with disabilities since January 28, 1992. To date, the Defendant has failed to comply with this mandate.

> **ANSWER: This Paragraph contains conclusions of law that do not require a response from Defendant. The language of the statute(s) referenced speaks for itself. All remaining allegations denied.**

22. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by the Defendant, pursuant to 42 U.S.C. §12205.

> **ANSWER: Defendant is without knowledge as to Plaintiff's agreement with her counsel, which is therefore denied. Defendant denies that Plaintiff is entitled to have it pay for her reasonable attorney's fees, costs, and expenses. All remaining allegations denied.**

23. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA and closing the subject facility until the requisite modifications are completed.

> **ANSWER: This Paragraph does not contain factual allegations and/or contains conclusions of law that do not require a response from Defendant. The language of the statute(s) referenced speaks for itself.**

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Plaintiff's claims are moot as the violations alleged in the Amended Complaint, to the extent that they ever existed, have been remedied and are in compliance with the relevant ADA provisions and requirements. To the extent that there still exists small modifications to be made, the work has begun or is about to begin, and it will be modified before a trial occurs in this case. Therefore, the Plaintiff's claims are moot as to the repairs already done, and will be moot as to all

claims by the time the case reaches trial. As a result, the Plaintiff is not entitled to injunctive relief or attorney's fees. Defendant reserves the right to file a Motion to Dismiss based on mootness.

### Second Affirmative Defense

Defendant asserts the premises has been remedied to the extent readily achievable, and thus, Plaintiff's claims are moot.

### Third Affirmative Defense

The Complaint should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted.

### Fourth Affirmative Defense

Defendant affirmatively states that some or all of the modifications sought by Plaintiff are not readily achievable, are not technically feasible, would impose an undue burden upon Defendant., and/or would fundamentally alter the way that BEACHSIDE TAVERN, LLC provides its goods and services, and/or would create a risk to the health and safety of and/or other individuals.

### Fifth Affirmative Defense

The property and services in question are readily accessible and useable by individuals with disabilities, and otherwise comply with the law.

### Sixth Affirmative Defense

Plaintiff's claimed violations are "*de minimis*" and non-actionable because they do not materially impair Plaintiff's use of an area for an intended purpose.

### Seventh Affirmative Defense

The Plaintiff has not suffered any damages whatsoever. Plaintiff has not suffered an irreparable injury, and injunctive relief is not warranted.

### Eighth Affirmative Defense

Plaintiff does not demand alterations or modifications that are reasonable.

### Ninth Affirmative Defense

The demanded alterations and modifications would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations offered by Defendant, and as such, Defendant is not required to make such alterations and modifications.

### Tenth Affirmative Defense

BEACHSIDE TAVERN, LLC alleges the Complaint is barred by the doctrines of estoppel, unclean hands, and impossibility as Plaintiff failed to notify BEACHSIDE TAVERN, LLC of the barriers she allegedly encountered, such that BEACHSIDE TAVERN, LLC could have offered reasonable accommodations.

### Eleventh Affirmative Defense

Plaintiff utterly failed to communicate in any way with Defendant prior to filing this lawsuit, and as such failed to exercise reasonable diligence to avoid the attorney's fees and costs associated with bringing suit. Therefore, Plaintiff failed to mitigate her claims and is barred from recovering attorneys' fees and costs for bringing this action.

### Twelfth Affirmative Defense

Plaintiff lacks standing to raise the ADA claims set forth in her Complaint as there is no real or immediate threat of future harm to Plaintiff, and therefore the Complaint should be dismissed in its entirety.

### Thirteenth Affirmative Defense

To the extent that the Plaintiff has failed to satisfy conditions precedent to filing suit, the Plaintiff's claims are barred as a matter of law.

**Fourteenth Affirmative Defense**

To the extent that improvements to bring the subject property into compliance were underway in advance of the instant lawsuit, and such improvements were not in any way the result of, or related to, the present litigation or any threat of litigation, the Plaintiff's Complaint should be dismissed in its entirety.

**Fifteenth Affirmative Defense**

To the extent that the Plaintiff is not the prevailing party in this action, the Plaintiff is not entitled to recover any costs, expenses, or attorney's fees, including expert fees and costs, from Defendant. Further, to the extent that the processes to undertake improvements to bring the subject property into compliance were underway prior to the filing of this action, and were not in any way the result of or related to the present litigation or any threat of the litigation, the Plaintiff is not entitled to recover any costs, expenses, or attorney's fees, including expert fees and costs, from Defendant.

**Sixteenth Affirmative Defense**

The subject property is substantially in compliance with its obligations under the ADA and ADAAG.

**Seventeenth Affirmative Defense**

To the extent that the subject property was built prior to the enactment of the ADA, it is not subject to the ADAAG.

**Eighteenth Affirmative Defense**

BEACHSIDE TAVERN, LLC provided readily achievable alternatives to barrier removal where appropriate, which is in full compliance with the ADA and the ADAAG.

### Nineteenth Affirmative Defense

The Plaintiff has failed to pursue, initiate, or propose the use of alternate means of dispute resolution as encouraged by 42 U.S.C. § 12212 and, therefore, this Court lacks subject matter jurisdiction over this cause.

### Twentieth Affirmative Defense

The Plaintiff has failed to allege the necessary elements of a temporary or permanent injunction and therefore is not entitled to such relief.

### Twenty-First Affirmative Defense

The Plaintiff's claims for relief are barred or limited by the applicable statutes of limitations.

### Twenty-Second Affirmative Defense

BEACHSIDE TAVERN, LLC alleges that it fulfilled any obligation it may have had to reasonably accommodate the Plaintiff's alleged disabilities.

### Twenty-Third Affirmative Defense

BEACHSIDE TAVERN, LLC alleges the Plaintiff's alleged injuries and alleged damages, if any, were proximately caused and contributed to by her own negligence, misfeasance and/or malfeasance and therefore any remedy or recovery to which the Plaintiff might have otherwise been entitled must be denied or reduced accordingly.

### Twenty-Fourth Affirmative Defense

BEACHSIDE TAVERN, LLC alleges it granted the Plaintiff access to its facilities and that if Plaintiff was in fact excluded from its facilities, any such exclusion was rationally related to the services performed and the facilities provided by BEACHSIDE TAVERN, LLC, or were only a temporary condition.



        By: /s/ *Holly Woersching Zitzka*
            HOLLY WOERSCHING ZITZKA
            FLA. BAR NO. 111824
            Primary e-mail address:
            Holly.Zitzka@CobbCole.com
            Secondary e-mail address:
            Lori.Dumont@CobbCole.com
            Post Office Box 2491
            Daytona Beach, FL 32115-2491
            Telephone: (386) 323-9282
            Facsimile: (386) 248-0323
            ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 15, 2021, a true and correct copy of the foregoing was served electronically via the CM/ECF system on the following:

Joe M. Quick, Esq.
Law Offices of Joe M. Quick, Esq.
1224 S. Peninsula Drive #604
Daytona Beach, Florida 32118
Email: JMQuickEsq@gmail.com

        By: /s/ *Holly Woersching Zitzka*
            Attorney